**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jimmy D. Nix, | No. CV 10-973-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Hudson Baylor Corporation; and Liberty Mutual Insurance. | |
| Defendants. | |

Pending before the Court are Plaintiff's Motion for Leave to Proceed In Forma Pauperis. (Doc. # 4). The Court has screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and will dismiss it for failure to state a claim. "[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Rule 8(a) of the Federal Rules of Civil Procedure requires that:

> A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Here, Plaintiff's complaint fails to plainly state a claim for relief. The complaint is somewhat disjointed and difficult to follow, and the Court cannot in good faith determine what possible harm the individual Defendants caused to Plaintiff and why Plaintiff is entitled to seek relief from them in this Court. As such, the Court will give Plaintiff one opportunity to amend the complaint. Plaintiff must:

> make clear his allegations in short, plain statements with each claim for relief identified in separate sections. In the amended complaint, [Plaintiff] must write out the rights he believes were violated, the name of the person who violated the right, exactly what that individual did or failed to do, how the action or inaction of that person is connected to the violation of [Plaintiff's] rights, and what specific injury [Plaintiff] suffered because of the other person's conduct. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Each claim of an alleged violation must be set forth in a separate count. Any amended complaint filed by [Plaintiff] must conform to the requirements of Rules 8(a) and (e)(1) of the Federal Rules of Civil Procedure.

Kennedy v. Andrews, 2005 WL 3358205, *3 (D. Ariz. 2005).

**Accordingly,**

**IT IS ORDERED** dismissing Plaintiff's complaint for failure to comply with Federal Rule of Civil Procedure 8(a). (Doc. #1)

**IT IS FURTHER ORDERED** denying as moot Plaintiff's Motion to Proceed in Forma Pauperis. (Doc. # 4).

**IT IS FURTHER ORDERED** that Plaintiff may file an Amended Complaint and another Motion for Leave to Proceed In Forma Pauperis no later than 30 days from the date of this order. If no Amended Complaint is filed this case will be dismissed without further notice.

DATED this 10th day of May, 2010.

_____
Mary H. Murguia
United States District Judge