UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| JAMES D. NIX, | ) | |
| Plaintiff, | ) | 2:10-cv-00973 JWS |
| vs. | ) | ORDER AND OPINION |
| HUDSON BAYLOR CORPORATION, *et al.,* | ) | [Re: Motions at Dockets 40 & 45] |
| Defendants. | ) | |

## I.  MOTION PRESENTED

At docket 40, defendant Hudson Baylor Corporation ("defendant") moves to dismiss the case pursuant to Federal Rules of Civil Procedure 41(b) and 16(f)(1)(C). *Pro se* plaintiff James D. Nix ("plaintiff") opposes the motion at docket 41.  Defendant's reply is at docket 43.  Plaintiff filed a response to defendant's reply (a sur-reply) at docket 44.

At docket 45, defendant moves to strike plaintiff's sur-reply.

Oral argument was not requested with respect to either motion and would not assist the court.

1

## II.  DISCUSSION

2

**A.  Motion at Docket 45**

3   Defendant correctly argues that plaintiff improperly filed a sur-reply.  It is not

4   necessary to strike the document, however, because the court will not consider

5   plaintiff's sur-reply in resolving the motion at docket 40.

6

**B.  Motion at Docket 40**

7   In the court's scheduling and planning order of August 1, 2011, the parties were

8   advised that final witness lists were to be filed not later than February 6, 2012.  The

9   parties were warned that "[o]nly those witnesses disclosed in a timely filed witness list

10  [would] be permitted to testify at trial."[1]  Defendant filed its final witness list on

11  February 6, 2012.  Plaintiff did not file his witness list until April 30, 2012, when he

12  responded to the present motion.  Plaintiff's witness list contains only one name: Shelly

13  Kirker.

14  Rule 16(f) provides that "[o]n motion or on its own, the court may issue any just

15  orders, including those authorized by Rule 37(b)(2)(A)(ii)-(iv), if a party . . . fails to obey

16  a scheduling . . . order."[2]  Among other sanctions, Rule 37(b)(2) contemplates

17  "dismissing the action . . . in whole or in part."[3]  However, to determine whether a case

18  dispositive sanction is appropriate, a court must consider "(1) the public's interest in

19  expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the

20  risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition

21  of cases on their merits; and (5) the availability of less drastic sanctions."[4]

22

23

_____

24

[1]Doc. 33 at 5.

25

[2]Fed. R. Civ. P. 16(f)(1)(C).

26

[3]Fed. R. Civ. P. 37(b)(2)(A)(v).

27

[4]*Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir.

28  2007).

1    The first two factors will always weigh in favor of dismissal when a scheduling

2  order is violated.  That is so here.  However, the final three factors weigh against

3  dismissal.  The risk of prejudice to defendant is slight because plaintiff's late-filed

4  witness list contains only one name.  The public policy favoring disposition of cases on

5  their merits also weighs against dismissal.  In considering the availability of less drastic

6  sanctions, a court should evaluate "whether [it] has considered lesser sanctions,

7  whether it tried them, and whether it warned the recalcitrant party about the possibility of

8  case-dispositive sanctions."[5]  Here, the court has not had occasion to consider or

9  impose lesser sanctions because plaintiff has not been recalcitrant.  Lesser sanctions

10  are available.  In light of plaintiff's explanation that he thought a joint scheduling and

11  planning memorandum that listed Shelly Kirker as a person to be deposed would be

12  sufficient,[6]  the court concludes that sanctions are not necessary.

### III.  CONCLUSION

14    For the reasons above, defendant's motion to strike at docket 45 is **DENIED** as

15  moot.  Defendant's motion to dismiss at docket 40 for failure to follow the scheduling

16  and planning order is **DENIED**.

17    DATED this 11th day of June 2012.

19                                                    /s/
                                          JOHN W. SEDWICK
20                                          UNITED STATES DISTRICT JUDGE

---

27    [5] *Id.*

28    [6] Doc. 32 at 2.

-3-